# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 Case No. 19-10164-01-JWB

MARK SEMINARA,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on a defense request to correct the judgment and sentence imposed in this case. The government does not oppose the request. For the reasons stated herein, the request is GRANTED.

The court sentenced Defendant on December 2, 2020 to a two-year term of imprisonment for a violation of 18 U.S.C. § 1028A, with the two-year term to run concurrent with sentences imposed on Defendant in three state cases.[1] (Doc. 45 at 1-2.) The court imposed the two-year term, rather than a lesser term, based on a misunderstanding of the status of the state cases. The court understood Defendant would receive some credit on the instant sentence for time served on the state cases, but that turned out not to be the case because – although the court did not realize it at the time – the state sentences had already been discharged by the time of sentencing. The court's intent was to grant some credit in the instant sentence for Defendant's time in custody on state sentences that included partially relevant conduct. *See* U.S.S.G. § 5G1.3(b). Absent this oversight, the court would have granted a downward departure of seven months from the two-year term as

---

[1] Sumner County District Court Case No. 17CR4, Butler County District Court Case No. 18CR344, and Cowley County District Court Case No. 18CR650. (Doc. 45 at 2.)

an appropriate adjustment to reflect a reasonable punishment for the offense. *See* U.S.S.G. §5K2.23 (authorizing downward departure for certain completed terms of imprisonment.)

Rule 36 provides in part that the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. The court concludes Rule 36 allows the court to correct the foregoing error arising from oversight. *Cf. United States v. Smith,* No. 17-40024-03-DDC, 2021 WL 1597947, * (D. Kan. Apr. 23, 2021) (entering corrected judgment nunc pro tunc).

IT IS ACCORDINGLY ORDERED that Defendant's request to correct the error in judgment and sentence is GRANTED. The court orders that an amended judgment be entered in this case, nunc pro tunc, reflecting that the correct term of imprisonment ordered by the court in this case is a term of 17 months. All other terms stated in the judgment entered December 2, 2020 remain the same. IT IS SO ORDERED this 13th day of July, 2021.

     s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE